THE PEOPLE *ex rel.* Nathaniel Buzzell

*v.*

JAMES WHIPPLE.

*Opinion filed October 19, 1900.*

1. HIGHWAYS—*one regular division into road districts exhausts the power.* The power of highway commissioners, town clerk and supervisor to divide a township into road districts, under section 16 of the Township Organization act, as amended in 1895, (Laws of 1895, p. 318,) is not a continuing one, but being once regularly exercised is exhausted, and the authorities cannot act again by way of changing the first division.

2. SAME—*what not an irregular exercise of power to form road districts.* The power to divide a township into road districts is not irregularly exercised because, in making the division, two of the highway commissioners are left to reside in one district, since the purpose of section 16 of the Township Organization act, that one commissioner shall reside in each district, is to be accomplished when vacancies occur.

*Whipple* v. *People ex rel.* 87 Ill. App. 145, reversed.

APPEAL from the Appellate Court for the Second District;—heard in that court on writ of error to the Circuit Court of DeKalb county; the Hon. CHARLES D. BISHOP, Judge, presiding.

HENRY S. EARLEY, State's Attorney, (CARNES & DUNTON, of counsel,) for appellant:

The authority of the public officer must be limited in its exercise to that term during which he is by law invested with the rights and duties of the office. It follows, therefore, that he can, in general, exercise no authority before his term begins or after his term has terminated. The same principle applies as well where the officer is only chosen for the performance of a single act as when he is chosen for a definite term. When chosen to act in reference to a particular subject his powers exhaust themselves in the acting, and having once acted he is henceforth *functus officio,* and can neither act again in reference to the same subject matter nor undo what he has

done. Mechem on Public Offices and Officers, sec. 509; *State* v. *Donnewirth,* 21 Ohio St. 216; *Attorney General* v. *Iron County Canvassers,* 64 Mich. 607.

A special statutory power must be exercised as it is given and in conformity with the statute conferring it. 19 Am. & Eng. Ency. of Law, 457.

Where a duty imposed upon a body or officer by law has been discharged and completed the power is exhausted, and the execution of the power is no longer subject to the supervision or review or change by the officer to whom it was entrusted. 19 Am. & Eng. Ency. of Law, pp. 458, 459; *Northampton County* v. *Yohe,* 24 Pa. St. 305; *Godschalk* v. *Northampton County,* 71 id. 324; *Northumberland County* v. *Bloom,* 3 W. & S. 542; *People* v. *Caledonia,* 16 Mich. 63; *State* v. *King,* 4 Dev. & B. 521; *People* v. *Wayne County,* 41 Mich. 4.

GEORGE BROWN, and CLIFFE & CLIFFE, for appellee:

A statute directing the mode of proceeding by public officers is to be deemed directory, and a compliance is not deemed essential to the validity of the proceeding unless so declared by statute. *People* v. *Cook,* 8 N. Y. 67.

When a statute specifies the time within which a public officer is to perform an act regarding the rights and duties of others it will be considered as directory, merely, unless the nature of the act to be performed or the language of the statute shows that the designation of the time was intended as a limitation of power. *Jackson* v. *Young,* 5 Cow. 269; *People* v. *Allen,* 6 Wend. 487.

Where a statute gives directions, not of the essence of the thing to be done but intended merely to promote promptness and order, they are commonly to be regarded as directory, merely; and the act, if performed, although not in the time or not in the mode indicated, may be regarded as sufficient if no rights are prejudiced and the substantial purpose of the statute is accomplished. *Farwell* v. *Cohen,* 138 Ill. 216; *Kinney* v. *People,* 52 Ill. App. 359.

Mr. JUSTICE WILKIN delivered the opinion of the court:

This is a proceeding in the nature of a *quo warranto*, begun by the State's attorney upon the relation of Nathaniel Buzzell, against James Whipple, in the circuit court of DeKalb county, to contest his title to the office of commissioner of highways of the township of Sycamore, in that county. A hearing of the cause resulted against Whipple and judgment of ouster was entered against him. Upon error prosecuted to the Appellate Court for the Second District that judgment was reversed, and the People, as plaintiff in error, now prosecute a writ of error to this court.

The only question in the case is as to the legal effect of certain proceedings had by the commissioners of highways, the town clerk and the supervisor of the town of Sycamore · on January 23, 1896, whereby the township was attempted to be divided into road commissioners' districts, under an amendment to section 16 of chapter 139 of our statutes. (Hurd's Stat. 1897, p. 1592.) The section in question, after providing for the election of commissioners of highways, provides that "it shall be the duty of the commissioners of highways, together with the town clerk and supervisor, to meet within ten days after the next town meeting after the passage of this act in each town and divide each township into three districts, to be known as road commissioners' districts numbers 1, 2 and 3, dividing the township as near into three equal divisions as possible, taking into consideration extent of territory and population in making and forming boundaries of such districts and a plat of each district to be filed in the office of the town clerk of said town. The purpose of such division is to have the different portions of each township represented by a commissioner of highways who is a resident of such district, and when a vacancy occurs such vacancy shall be filled either by election or appointment, as the case may be, by a resident of said district where such vacancy occurs."

It appears from the evidence introduced upon the hearing, that a meeting was held on April 14, 1896, and a division of the township then made by the proper town officers, being within ten days after the first annual town meeting subsequent to the taking effect of said amended section of the statute, and that a map or plat of the town as districted was made and filed in the office of the town clerk. By that division a district was taken off of the west side of the township and numbered one. Two other districts were then made by dividing the remainder of the township into two equal parts by a line running east and west, the north half being numbered two and the south half three. By this division the respondent, Whipple, resided in district No. 1, as did also Mr. Swanson, another commissioner. This action of the board, so far as we are able to discover, was in all things regular and in conformity with the provisions of the statute. Subsequently, on January 23, 1897, the said town officers held a second meeting, at which they proceeded to again divide the town into road districts, disregarding the first division. This division was made by drawing two lines east and west through the township, making the divisions of equal width, numbering the north division one, the middle two and the south division three. Mr. Whipple resided in district No. 1 of the new division, and his term of office expired in April, 1897. At that time he was re-elected for a term of three years. It is conceded he was legally elected provided the second division of the township was legal and binding. But on behalf of the People it is contended that the action of the commissioners of highways, the town clerk and supervisor, had at the first meeting, was in all respects legal and binding and exhausted their power and authority on the subject, and as a consequence the action of the same parties on January 23, 1897, was without legal authority and therefore void. It is admitted that if this position be correct then defendant in error was not legally elected

in 1897, for the reason that there was no vacancy in the district where he resided according to the first division, the term of the other highway commissioner residing in that district not having expired.  On the other hand, it is urged by counsel for Whipple that the first division was void because not made in accordance with the provisions of the statute as to "taking into consideration extent of territory and population in making and forming boundaries of such districts," and did not answer the purpose of the statute as declared therein, that is, "to have the different portions of each township represented by a commissioner of highways who is a resident of such district;" and this being so, it is said the town officers had the power, and it was their duty, to make a new division.

We do not think the statute conferred upon the town officers the power to make more than one division.  It must be borne in mind that no continuing power was vested in this board by the amended act.  If the legislature had intended, as seems to be thought, that the territory of the township could be changed from time to time, they would undoubtedly have vested that power either in the body named in the act or some other authority. The act imposed upon these officers, as a special commission, the duty of dividing the township, this duty to be performed within a certain time therein specified.  These officers on April 14, 1896, within the time prescribed, undertook to perform that duty.  Being chosen to act in reference to this particular subject their powers exhausted themselves in the act, and having once acted they could not act again by way of reviewing their former action nor undo what they had already done. (Mechem on Public Offices and Officers, sec. 509.)  "Where a duty imposed upon a body or officer by law has been discharged and completed the power is exhausted, and the execution of the power is no longer subject to the supervision or review or change by the officer to whom it was intrusted."

(19 Am. & Eng. Ency. of Law, p. 459, and cases cited.)
Whether the first division was a wise and proper one
or not was not within the province of the town officers
to afterwards determine. Had the first exercise of that
power for any reason been absolutely void, the officers
afterwards could have made a division of the township,
for the reason that in such case the duty imposed would
not have been exercised at all. But, as before said, there
is nothing in this case to show that the power to make
the division of the township had not been regularly exer-
cised on April 14, 1896. The only reason here given for
making the second division is that it divides the town-
ship more nearly into three equal divisions, taking into
consideration the extent of territory and population, than
did the first,—that is to say, the town officers changed
their minds upon that subject and undertook to review
their former action. If they could do so on the 23d of
the following January, why could they not continue to
do so from time to time, as they might conclude their
former action was not proper? The contention that this
view will result in preventing the commissioners from re-
districting the township for all time to come cannot pre-
vail against the well settled rule of law, as here shown.
Furthermore, there is no more apparent reason for saying
that the boundaries of these districts should be changed
repeatedly than there would be for saying that the bound-
aries of the townships themselves should be changed from
time to time. Townships and road districts, when once
divided, are not so subject to change of their highways as
to make it necessary that the districts should be changed.
Anyhow, we regard the rule of law as above announced
founded in reason and sustained by authority, and it can
not be disregarded by the courts simply because it might
be thought, in a particular case, to be less wise or con-
venient than some other construction.

The suggestion that the power was irregularly exer-
cised in the making of the first division because two of

the commissioners resided in the first district is without force. The act itself shows such a result was contemplated by the legislature. The districts were not to be made for the accommodation of the highway commissioners then in office, so that each might have a district in which his ·own residence was located, as seems to be contended by counsel, but the board, in the performance of the duty of making the division, was to be controlled by the consideration of equality of territory and population. The purpose of the act that a commissioner should reside in each one of the districts is to be·accomplished when vacancies occur.

The division of the township made on April 14, 1896, was legal, and the attempted second division was therefore void. The judgment of ouster entered against Whipple in the circuit court was correct and will be affirmed, and the judgment of the Appellate Court will be reversed.

*Judgment reversed.*